UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTIN EDWARD HALL,

        Petitioner,                      Case Number: 1:06-CV-10144

v.                                             Honorable Arthur J. Tarnow

ANDREW JACKSON,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER**

Petitioner Martin Edward Hall, presently confined at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of possession of over 650 grams of cocaine in Wayne County Circuit Court, and sentenced to life imprisonment. Petitioner alleges that he is unlawfully detained because his sentence is unconstitutional. Respondent has filed a motion to transfer on the ground that the petition is successive. For the reasons set forth below, this Court determines that this is a successive habeas corpus petition and as such orders it transferred to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

---

[1]    28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

Hall v. Jackson, No. 1:06-CV-10144

## I.

Following a jury trial, Petitioner was convicted of possession of 650 grams or more of cocaine. Petitioner appealed his conviction to the Michigan Court of Appeals, which affirmed his conviction, but remanded for correction of the judgment of sentence to reflect that Petitioner would be eligible for parole. People v. Hall, No. 195567 (Mich. Ct. App. Dec. 19, 1997).

Petitioner then filed a petition for a writ of habeas corpus in this Court, presenting the following claim:

> Did the trial court deny Petitioner a fair trial when it excessively interfered with the questioning of witnesses, improperly invaded the prosecutorial role, disparaged defense counsel, and displayed an attitude of partisanship?

The district court denied the petition on the merits. Hall v. Robinson, No. 99-CV-72264-DT (E.D. Mich. Sept. 26, 2001) (Tarnow, J.).

Petitioner has now filed a second petition for a writ of habeas corpus presenting the following claims:

> I.  Petitioner's mandatory sentence of life imprisonment for the lesser offense of mere possession of over 650 grams of cocaine, violates Michigan's constitutional ban on cruel and unusual punishment, and the Equal Protection Clause of the Fourteenth Amendment, where the minimum sentence for the greater offense of possession with intent to deliver over 650 grams of cocaine is now the same punishment for the lesser offense of mere possession of the same amount.
>
> II. Petitioner is entitled to resentencing to a specific term of years, within the discretion of the trial court, where Michigan's parole board has created an irrational invidiously discriminatory animus by its current practice that "life-means-life" contrary to the *Ex Post Facto* Clause of the Fourteenth Amendment, the legislative intent, and the authority of People v. Bullock, 440 Mich. 15; 485 N.W.2d 866 (1992).

Hall v. Jackson, No. 1:06-CV-10144

III.    Petitioner is entitled to resentencing to a term of years, where the ameliorative amendments to the public health code for the offense which Petitioner was convicted of constitutes a retroactive change in the controlled substance statute that now gives the sentencing judge the discretion to deviate from the mandatory minimum sentence of life imprisonment for substantial and compelling reasons.

**II.**

Respondent has filed a Motion to Transfer the petition on the ground that, pursuant to 28 U.S.C. § 2244(b)(3)(A), it is a successive habeas corpus petition.  Section 2244(b)(3)(A) provides, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Petitioner's challenges the sentence rendered at the time of his conviction.  Petitioner argues that he could not have presented these claims in his prior petition because they are based upon a change in Michigan law which occurred after his prior petition was decided on the merits.  Petitioner must, nevertheless, obtain permission from the Sixth Circuit Court of Appeals to file a successive petition.  He may present that argument to the Court of Appeals, which will determine whether Petitioner satisfies the standards for filing a successive petition.

The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). Thus, the Court holds that the petition for a writ of

Hall v. Jackson, No. 1:06-CV-10144

habeas corpus must be transferred to the Sixth Circuit Court of Appeals as a successive petition.

**III.**

Accordingly, **IT IS ORDERED** that Respondent's Motion to Transfer Petition for Writ of Habeas Corpus to Sixth Circuit Court of Appeals is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: July 18, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

-4-