**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARTIN EDWARD HALL,

        Petitioner,                          Case Number: 2:06-10144

v.                                            HON. ARTHUR J. TARNOW

ANDREW JACKSON,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Martin Edward Hall has filed a habeas corpus petition under 28 U.S.C. § 2254. Petitioner is a Michigan state prisoner incarcerated pursuant to a conviction for possession of 650 grams or more of cocaine. The petition challenges the sentence of life imprisonment imposed for that conviction. The Court has concluded that Petitioner is not entitled to relief. Accordingly, the habeas petition will be denied.

**I. Background**

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of possession of 650 grams or more of cocaine. He was sentenced to life imprisonment. Petitioner appealed his conviction to the Michigan Court of Appeals, which affirmed his conviction, but remanded for correction of the judgment of sentence to reflect that Petitioner would be eligible for parole consideration. *People v. Hall*, No. 195567 (Mich. Ct. App. Dec. 19, 1997). Petitioner's application for leave to appeal to the Michigan Supreme Court was denied. *People v. Hall*, 459 Mich. 858 (1998).

Petitioner then filed a petition for a writ of habeas corpus in this Court, presenting the following claim:

> Did the trial court deny Petitioner a fair trial when it excessively interfered with the questioning of witnesses, improperly invaded the prosecutorial role, disparaged defense counsel, and displayed an attitude of partisanship?

This Court denied the petition on the merits. *Hall v. Robinson*, No. 99-CV-72264-DT (E.D. Mich. Sept. 26, 2001).

Petitioner returned to state court to file a motion for relief from judgment in the trial court. Petitioner raised the following claims:

> I. Does defendant's mandatory minimum sentence of life imprisonment, for the lesser offense of mere possession of over 650 grams of cocaine, violate Michigan's constitutional ban on cruel and unusual punishment, where the mandatory minimum sentence for the greater offense of possession with intent to deliver over 650 grams of cocaine is now the same punishment as for the lesser offense of mere possession?
>
> II. Is defendant entitled to resentencing to a specific term of years, within the discretion of the trial court, where Michigan's Parole Board has created an irrational, invidiously discriminatory animus by its current practice that "life-means life" which is contrary to the legislative intent and the authority of *People v. Bullock*, who concluded that those convicted of mere possession of over 650 grams of cocaine be eventually paroled?
>
> III. Is defendant entitled to resentencing to a specific term of years, within the discretion of the trial court, where the ameliorative amendments to the public health code for the offense which defendant was convicted of constitutes a retroactive change in the controlled substances statute that no longer requires a mandatory sentence of life imprisonment?

The trial court denied Petitioner's motion, *People v. Hall*, No. 95-1717-01 (Wayne County Cir. Ct. March 23, 2004), and his subsequent motion for reconsideration, *id* (August 11, 2005).

Petitioner filed applications for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. *People v. Hall*, No. 259423 (Mich. Ct. App. June 25, 2005); *People v. Hall*, 474 Mich. 940 (2005).

Petitioner then filed a second petition for a writ of habeas corpus presenting the following claims:

    I.      Petitioner's mandatory sentence of life imprisonment for the lesser offense of mere possession of over 650 grams of cocaine, violates Michigan's constitutional ban on cruel and unusual punishment, and the Equal Protection Clause of the Fourteenth Amendment, where the minimum sentence for the *greater* offense of possession with intent to deliver over 650 grams of cocaine is now the *same* punishment for the lesser offense of mere possession of the same amount.

    II.     Petitioner is entitled to resentencing to a specific term of years, within the discretion of the trial court, where Michigan's parole board has created an irrational invidiously discriminatory animus by its current practice that "life-means-life" contrary to the *Ex Post Facto* Clause of the Fourteenth Amendment, the legislative intent, and the authority of *People v. Bullock*, 440 Mich. 15; 485 N.W.2d 866 (1992).

    III.    Petitioner is entitled to resentencing to a term of years, where the ameliorative amendments to the public health code for the offense which Petitioner was convicted of constitute a retroactive change in the controlled substance statute that now gives the sentencing judge the discretion to deviate from the mandatory minimum sentence of life imprisonment for substantial and compelling reasons.

The Court granted Respondent's motion to transfer the petition to the United States Court of Appeals for the Sixth Circuit as a successive habeas petition under § 2244(b)(3)(A). The Court of Appeals held that the petition was not a "second or successive" petition under § 2244(b)(3)(A) because it raised claims that could not have been raised in Petitioner's first petition. The Court of Appeals transferred the case back to this Court for further proceedings.

On remand, this Court appointed counsel to represent Petitioner. Counsel has filed a "Notice of Intent Not to File Supplement to Petition for Writ of Habeas Corpus."

## II. Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

### III. Analysis

### A. Procedural Default

Respondent argues that all of Petitioner's claims are procedurally defaulted because the Michigan Court of Appeals and Michigan Supreme Court both relied on Petitioner's failure to comply with a state procedural rule in denying him leave to appeal. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of Petitioner's claims.

### B. Alleged Eight and Fourteenth Amendment Violations

In his first habeas claim, Petitioner argues that the mandatory sentence of life imprisonment for the offense of possession of over 650 grams of cocaine violates the prohibition against cruel and unusual punishment in the Michigan and United States Constitutions and violates the Equal Protection Clause because it imposes the same punishment for that offense as for the greater offense of possession with intent to deliver over 650 grams of cocaine.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "In a federal habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663

5

F.2d 22, 23 (6th Cir. 1981). Petitioner's claim that the sentence violated the Michigan Constitution is not cognizable on habeas corpus review.

The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The concept of proportionality is central to the Eighth Amendment." *Graham v. Florida*, __ U.S. __, __ S. Ct. __, 78 U.S.L.W. 4387, 4389, 2010 WL 1946731 (May 17, 2010). In cases not involving the death penalty or a sentence of life without parole for a juvenile offender, the Supreme Court has held that the Eighth Amendment's proportionality principle is a "'narrow'" one that "'does not require strict proportionality between crime and sentence'" but rather "'forbids only extreme sentences that are 'grossly disproportionate' to the crime.'" *Id. quoting Harmelin v. Michigan*, 501 U.S. 957, 1000-1001 (1991).

In *Harmelin*, the Court held that Michigan's mandatory sentence of life imprisonment without parole for possession of over 650 grams of a controlled substance did not violate the Eighth Amendment.[1] In this case, Petitioner was sentenced to life imprisonment with the possibility of parole. In light of *Harmelin*, the Court finds that this sentence does not violate the Eighth Amendment.

Petitioner also argues that the sentence violates the Equal Protection Clause because subsequent amendments to the relevant statute now impose the same punishment he received for

---

[1] Shortly after issuance of the *Harmelin* decision, the Michigan Supreme Court concluded that the penalty of mandatory life imprisonment without possibility of parole for persons convicted of possession of 650 grams or more of mixture containing cocaine violated the Michigan State Constitution and it struck down the prohibition on parole with regard to the defendants before it and all others sentenced under that penalty and for the same offense. *People v. Bullock*, 440 Mich. 15, 42-43, 485 N.W.2d 866 (1992).

6

the greater offense of delivery of over 650 grams of cocaine. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV. This clause is "essentially a direction that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). An equal protection claim under the Fourteenth Amendment requires a state actor's intentional discrimination because of a person's membership in a protected class. *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Petitioner has not demonstrated that he was treated differently from other similarly situated inmates, nor has he shown that he has been discriminated against because of his membership in a protected class. Therefore, he has failed to establish a violation of the Equal Protection Clause.

## C. *Ex Post Facto* Clause

Petitioner argues that 1999 amendments to Michigan's parole scheme violate the *Ex Post Facto* Clause because they altered the frequency with which he would be afforded parole consideration and eliminated personal interviews. Prior to 1999, a parole board member was required to interview an inmate sentenced to parolable life after the inmate had been incarcerated for ten years and to reinterview the inmate every five years. The 1999 amendments eliminated the requirement that a Parole Board member conduct an interview of the inmate every fifth year after the initial interview, substituting a "file" review instead. Mich. Comp. Laws § 791.234(8)(a). The 1999 amendments also eliminated the requirement that the Board give reasons for a vote of "no interest" in parole where the Board declines to go forward with a public hearing. *Id.*

The *Ex Post Facto* Clause of the Constitution forbids the government from passing any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal quotation omitted). The purposes of the clause are to provide fair warning about new punishments and to discourage arbitrary and oppressive legislation. *Id.* at 28. "To fall within the *ex post facto* prohibition, two elements must be present: (1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *United States v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995), *cert. denied*, 518 U.S. 1007 (1996). The United States Supreme Court further explained the proper standard for determining whether an offender is disadvantaged by a law:

> [T]he focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of "disadvantage," nor . . . on whether an amendment affects a prisoner's "opportunity to take advantage of provisions for early release," but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable.

*California Dept. of Corrections v. Morales*, 514 U.S. 499, 506 n.3 (1995) (citation omitted).

The Sixth Circuit has held that the 1999 changes to the parole process, including the substitution of paper reviews for in-person interviews and the loss of written reasons to explain a statement of "no interest" in moving forward with parole, do not create a sufficient risk of increased punishment to sustain an *ex post facto* claim. *Foster v. Booker*, 595 F.3d 353, 364-65 (6th Cir. 2010). In light of the Sixth Circuit's ruling in *Foster*, the Court concludes that Petitioner is not entitled to habeas corpus relief on his *ex post facto* claim.

### D. Applicability of Amendment to Mich. Comp. Laws § 333.7403

Finally, Petitioner argues that he should be resentenced because the statute under which he was convicted was amended, effective March 1, 2003, to impose a maximum sentence of not more than thirty years' imprisonment for possession of more than 450 grams but less than 1,000 grams of a controlled substance. *See* Mich. Comp. Laws § 333.7403. Petitioner argues for retroactive application of this new statute to his sentence. The state trial court, in denying Petitioner's motion for relief from judgment, held that, because the Legislature failed to include language clearly indicating an intent that the amendment apply retroactively, the amendment was presumed to operate only prospectively. *Hall*, slip op. at 6.

States may determine whether their own laws will be applied retroactively. *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973). *See also, Gall v. Parker*, 231 F.3d 265, 308 (6th Cir. 2000), *overruled on other grounds by Bowling v. Parker*, 344 F.3d 487, 501 n. 3 (6th Cir. 2003) (holding that federal court, on habeas review, must defer to a state court's determination regarding retroactivity of its own statutes). The Michigan Court of Appeals has determined that the ameliorative amendments to Mich. Comp. Laws § 333.4703 do not apply retroactively. *People v. Doxey*, 263 Mich. App. 115 (Mich. Ct. App. 2004). Because the state court has determined that the amendments do not apply retroactively, Petitioner is not entitled to habeas corpus relief on this claim. Accord *Rashad v. Lafler*, No. 2:08-cv-14983, 2009 WL 3247966 (E.D. Mich. Oct. 6, 2009) (Roberts, J.); *Bonilla v. Lafler*, No. 06-15466, 2009 WL 2386080 (E.D. Mich. July 30, 2009) (Edmunds, J.); *Tekeste v. Lafler*, No. 2:06-cv-14839, 2007 WL 4557693 (E.D. Mich. Dec. 20, 2007) (Duggan, J.); *Hamiel v. Bell*, No. 2:06-cv-14461, 2007 WL 2638958 (E.D. Mich. Sept. 6, 2007) .

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must:

> issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).

Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed.2d 931 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists would not debate that this Court correctly denied each of Petitioner's claims. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, IT IS ORDERED that the petition for a writ of habeas corpus [dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


                S/Arthur J. Tarnow  
                Arthur J. Tarnow  
                Senior United States District Judge

Dated: June 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2010, by electronic and/or ordinary mail.

                S/Catherine A. Pickles  
                Judicial Secretary